**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHAWN EGGSWARE,

                        Plaintiff,

          v.                                    1:22-CV-54
                                            (BKS/CFH)

JOHN DOE,

                        Defendant.

---

**APPEARANCES:**

Shawn Eggsware
66 2nd Street
Waterford, New York
Plaintiff <u>pro se</u>

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

### REPORT-RECOMMENDATION & ORDER

#### I. In Forma Pauperis

      Plaintiff pro se Shawn Eggsware[1] purported to commence this action on January

21, 2022, with the filing of a complaint and application to proceed in forma pauperis

("IFP").  Dkt. No. 1 ("Compl."), Dkt. No. 2.  After reviewing plaintiff's IFP application, the

Court concludes that plaintiff financially qualifies to proceed IFP for the purpose of filing

---

[1]  Plaintiff has also recently filed several other actions in this Court.  These actions are pending review by the Court.  <u>See</u> <u>Eggsware v. Albany Masonic Temple</u>, 21-CV-922 (GLS/ML) (complaint dismissed; review of amended complaint pending), <u>Eggsware v. East Coast Syndicate, et al.</u>, 1:21-CV-1064; <u>Eggsware v. United States Secret Service, et al.</u>, 1:21-CV-1029 (GTS/CFH), <u>Eggsware v. Winfrey, et al</u>, 1:22-CV-77 (GLS/DJS).  It appears – but is not possible to determine -- that plaintiff's case, <u>Eggsware v. East Coast Syndicate, et al.</u>, 1:21-CV-1064, may be related to plaintiff's claims in this case.

only.  Plaintiff is advised that, despite being granted IFP status for the purposes of filing

in this case he is still required to pay any fees or costs he may incur in this case.[2]

## II.  Initial Review

### A.  Legal Standard

Section 1915(e)[3] of Title 28 of the United States Code directs that, when a

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court

determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility

to determine that a plaintiff may properly maintain his complaint before permitting him to

proceed with his action.  Where the plaintiff is proceeding pro se, the court must

consider the claims "liberally" and "interpret them 'to raise the strongest arguments that

they suggest.'"  Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir.

2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

"[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678.  "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."  Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  A pro se

litigant's pleadings are held to a less strict standard than those drafted by an attorney.

---

[2]   This includes, but is not limited to, copying fees and witness fees.

[3] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28
U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a
person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The
courts have construed that section, however, as making IFP status available to any litigant who can meet
the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y.
2002).

See <u>Fed. Express Corp. v. Holowecki</u>, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, <u>pro se</u> litigants are held to a lesser pleading standard than other parties.").  Because plaintiff is proceeding <u>pro se</u>, the Court construes his pleadings "to raise the strongest arguments that they suggest." See <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  However, this "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law."  <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir. 1983).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>See</u> FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

Fᴇᴅ. R. Cɪᴠ. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fᴇᴅ. R. Cɪᴠ. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).

Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).  Indeed, a complaint that fails to comply with these

4

pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

## B.  Complaint

On a form complaint for civil rights violations pursuant to 42 U.S.C. §1983, plaintiff contends that he has "an invasion of privacy." Compl. at 2.  He states that he "started to film a documentary on my phone and not only have people been watching them, but people acknowledge they watch them." Id.  Plaintiff's only stated cause of action is "invasion of privacy." Id.  Plaintiff requests $5,000,000 and "orders of protections against me and defendants.  I would also like criminal investigations done on these humans." Id.  As the only defendant, plaintiff names "John Doe." Id. at 2.

In an attachment to the complaint, plaintiff contends that in February 2021, he made a documentary film on his phone for his daughter.  See Dkt. No. 1-1 at 1.  "In about March of 2020," plaintiff "could clearly tell that other people were watching my home made documentary" and, in doing so, are invading his privacy and "throw[ing] it in my face," meaning "they violate a federal law every day, whether that be civil or

criminal." Id.  Plaintiff contends that he has named "John Doe" as the defendant "because at this point there's so many people and companies involved in invading my privacy, I wouldn't even know where to begin on who exactly it is without subpoenas." Id.  Plaintiff provides that he has a Motorola phone, MetroPCS phone service, and an "Android phone which operates on Google Applications."  Id.  He states that when he makes videos, "it automatically gets uploaded to Google Photos."  Id.

Plaintiff states that "as for actual humans," he can "only speculate as to whom and what humans are invading [his] privacy."  Dkt. No. 1-1 at 1.  He says there are "3 humans which I know for a fact are constantly watching my videos which is an invasion of my privacy. You have Neil Degrasse Tyson, you have Stefani Joanna Angelina Germanotta AKA Lady Gaga.  You also have Christopher Maurice Brown."  Id.  Plaintiff contends that he could "clearly tell that Neil Degrasse Tyson "was watching my videos about ten months ago" and "so far for 8+ months I have been trying to have him incarcerated and or thrown off of television for the rules, laws and regulations he is violating."  Id.

Plaintiff next contends that "in April (on or about),"[4] he "walked into a Capcom federal Credit Union at 219 Ontario St in Cohoes NY 12047" and sought change for hundred dollar bills. Dkt. No. 1-1 at 1.  Plaintiff noticed a television monitor in the bank displaying "a picture of Stefani Joanne Angelina Germanotta AKA Lady Gaga and Christopher Maurice Brown."  Id.  Plaintiff provides that, "[n]ext to their faces was a picture of a million dollars" "[w]hich was either a bribe or extortion for me."  Id.  Plaintiff contends that this "provides that they stalked and harassed me and followed me

---

[4] Plaintiff does not provide a year in connection with the Capcom incident.

electronically into that bank." Id. Plaintiff contends that after this occurrence, he "[c]alled the correct authorities meaning the United States Federal Bureau of Investigation, The Albany Police Department, The Albany County District Attorney and also I am pretty sure I contacted the Secret service for not investigating these crimes." Id. at 2. Plaintiff further states that, "in August [he] also filed a lawsuit against the FBI and Secret service for not investigating these crimes." Id. Plaintiff provides that, for the past nine months, he has "been trying to get Stefani Germanotta, Christopher Brown and Neil Degrasse Tyson thrown in jail and brought up on Federal charges. This is why they continue to violate my privacy and then throw it in my face that they are doing it." Id. Plaintiff provides that he has been making videos "explaining that I am trying to have these people brought up on federal charges, so they know my intentions." Id.

        Plaintiff next provides that he "witnessed" "another crime" in April 2021. Compl. at 2. At that time, plaintiff withdrew $400 from his checking account from an ATM located at Citizens Bank in Troy, New York. Id. He "automatically noticed that the $20 bill on the top and the bottom of the stack were reversed and also it came out on different receipt paper." Id. Plaintiff states that "[t]hese two crimes which were small and manipulative but still none the less will and can prove that you have people out there that have total remote access to banking at will.' Id. Plaintiff states that he reported this conduct "to all the correct authorities to no avail." Id. Plaintiff states that in addition to "blatantly invading my privacy for a year" "these people have also threatened my life and my families [sic] life [sic] at least a dozen times. They have the power to manipulate banks and government agencies, I totally believe they are untouchable in all aspects of life." Id.

Plaintiff requests "5 million dollars."  Dkt. No. 1-1 at 2.  He contends that, "honestly if you plan on saying this is frivolous or conspiracy, feel free to call any government agency for me.  I'd rather have these people thrown in jail and out of my life than $5 million dollars."  Id.  "And not only could I personally convict these people in a federal court on a million federal charges. I could bring all three of those humans up on war/terror crimes."  Id.  Plaintiff reiterates that this case involves "a simple invasion of privacy.  I do not know exactly who is watching my videos but it would be easy to prove."  Id.  Plaintiff provides that he has "an adjacent lawsuit for invasion of privacy with the Albany Masonic Temple, AKA the Freemasons AKA the Illuminati."  Id.

### C.  Analysis[5]

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.  Although plaintiff completes his complaint on a form complaint for violations of civil rights pursuant to 42 U.S.C. § 1983, plaintiff cannot proceed under that statute as none of the alleged actors[6] – Neil Degrasse Tyson, Christopher Maurice Brown, Stefani Joanne Angelina Germanotta "AKA Lady Gaga" -- are state actors or acting under the color of state law.[7]  A claim for relief under 42 U.S.C. § 1983 must

---

[5]  Any unpublished cases cited within this Report-Recommendation & Order, unless otherwise noted, have been provided to plaintiff.

[6]  The fact that plaintiff states that he does not know all of the "humans" who are violating his privacy, and, thus, names defendant as John Doe does not change the analysis.  Even if plaintiff were to claim that a state official violated his privacy in this manner, because – as will be discussed below – this Court cannot seek to compel a criminal investigation or prosecution, any such claims must fail, regardless of the named defendant(s).

[7]  Although plaintiff identifies his cell phone brand and provider, it does not appear that plaintiff seeks to sue his cell service provider or cell phone company.  However, even if plaintiff did seek to name these companies as defendants, he could not pursue claims against them pursuant to section 1983 as these private parties would not be acting "under color of state law."  See, e.g., Sykes v. Bank of Am., 723 F.3d 399, 406 (2d Cir. 2013).

allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor."  West v. Atkins, 487 U.S. 42, 48-49 (1988). Generally, private parties are generally not state actors, and not liable under § 1983. See Sykes v. Bank of Am., 723 F.3d 399, 406 (2d Cir. 2013) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)); see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir.1991) (citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).  A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents."  Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) (quoting United States v. Price, 383 U.S. 787, 794 (1966)). Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law . . . collaborated or conspired with a private person . . . to deprive the plaintiff of a constitutional right." Fries v. Barnes, 618 F.2d 988, 990 (2d Cir.1980) (citing Adickes, 398 U.S. 144).

Here, there is nothing in the complaint to suggest that any of the potential wrongful actors are "state actors" or that they are "collaborating" with state actors. Although plaintiff suggests that the full number of potential defendants is unknown to him, and suggests that such persons can be easily discovered, any allegation that such an individual is "a willing participant in joint activity with the State or its agents," would be speculative at best.  Dkt. No. 1-1 at 1.  Further, even if, *arguendo*, plaintiff had named state actors or demonstrated that defendants were persons acting under color of state law, there is nothing in the complaint that suggests, even under the most liberal reading, that any constitutional right of plaintiff's was violated through the alleged invasion of his privacy through the watching of his private videos. See generally Compl.

Second, even applying special solicitude, the undersigned can identify no other law or statue under which plaintiff can properly bring his claims.  Therefore, plaintiff's complaint must be dismissed with prejudice for failure to state a claim upon which relief can be granted and for frivolity.  It appears that plaintiff is contending that the John Doe defendants violated unspecified sections of the New York State penal code relating to unlawful surveillance and/or the tampering of private communications, and seeks this Court to either engage in an investigation to determine which other "humans" are allegedly watching his personal videos, award plaintiff monetary damages in connection with the alleged criminal violations, commence a criminal prosecution of the John Doe defendants and/or named celebrities, or compel law enforcement agencies to investigate and/or compel prosecutorial agencies to prosecute such individuals. See generally dkt. no. 1-1.  This Court does not have the authority to commence its own investigation, commence a criminal prosecution, compel a law enforcement agency to

investigate suspected criminal activity, nor compel a prosecutor to prosecute. Prosecutors possess discretionary authority to bring criminal actions, and they are "immune for control or interference by citizen or court." Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 87 (2d Cir. 1972). Further, plaintiff himself does not have standing to compel any law enforcement agency to investigate or prosecute any suspected criminal acts as there is no private right of action to enforce state or federal criminal statutes. See generally Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Walker v. CIBC Ltd., 1:20-CV-1337 (TJM/CFH), 2021 WL 3518439 (N.D.N.Y. Apr. 13, 2021)[8] ("It appears plaintiff is either seeking the criminal prosecution of an individual or individuals or a law enforcement investigation, which is beyond this Court's jurisdiction."); McFadden v. Ortiz, 5:12-CV-1244 (MAD/ATB), 2013 WL 1789593 (N.D.N.Y. Apr. 26, 2013).[9] Accordingly, it is recommended that plaintiff's complaint be dismissed in its entirety for failure to state a claim and frivolity pursuant to pursuant to 28 U.S.C.§§ 1915(e)(2)(B)(i), (ii).

Although this Court generally hesitates to dismiss a case against a pro se plaintiff without affording an opportunity to amend; however, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)

---

[8] Unless otherwise noted, copies of unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff pro se.

[9] A copy of McFadden v. Ortiz is not provided with this decision as it was mailed to plaintiff along with the Report-Recommendation & Order in another of his cases, Eggsware v. U.S. Secret Service, et al., 1:21-CV-1029 (GTS/CFH).

Case 1:22-cv-00054-BKS-CFH    Document 4    Filed 02/07/22    Page 12 of 13

("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").

As plaintiff attempts to sue private individuals and/or private corporations,[10] he cannot proceed under that statute.  Further, as plaintiff either seeks this Court to (1) engage in its own investigation of the alleged violations of New York State or federal criminal laws; (2) initiate the prosecution of unspecified defendants for "violations of his privacy," which this Court interprets as violations of New York State laws; (3) compel law enforcement agencies to investigate the alleged invasions of privacy; or (4) compel the prosecution of the unspecified defendants, and plaintiff has no such standing to compel such investigations or prosecutions, his complaint must fail, as discussed in greater detail above.  Accordingly, it is recommended that this complaint be dismissed with prejudice and without opportunity to amend.

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's IFP application (dkt. no. 2) is **GRANTED** for the purpose of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 1) be **DISMISSED in its entirety with prejudice** for failure to state a claim upon which relief can be granted and frivolity, 28 U.S.C.§§ 1915(e)(2)(B)(i), (ii); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

---

[10] Although plaintiff has named John Doe in the caption, the potential defendants he did identify are private individuals and private corporations.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[11]

Dated: February 7, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[11] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).